United States District Court
Southern District of Texas
**ENTERED**
October 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXWELL C. EZENWA, (BOP # 83800-079), | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-2610 |
| ANDREW SHADOWENS, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Maxwell C. Ezenwa, a federal inmate representing himself and proceeding without prepaying the filing fee, has filed a prisoner's civil rights complaint against United States Postal Inspector Andrew Shadowens, the Harris County Sheriff, and two officers in the Sheriff's Office, Sergeant Novitz and an investigator named "Victor." (Docket Entry No. 1). Ezenwa alleges that the defendants violated his constitutional rights during the events resulting in his arrest and conviction on multiple federal charges. (*Id.*). At the court's request, Ezenwa filed a more definite statement of his claims. (Docket Entry No. 8). Because Ezenwa is a prisoner, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). After reviewing Ezenwa's complaint, the court dismisses his action, for the reasons explained below.

**I. Background**

Ezenwa is a federal inmate serving a 78-month sentence for one count of conspiracy to commit wire fraud, eight counts of wire fraud affecting financial institutions, one count of conspiracy to commit mail fraud, and five counts of mail fraud. *See United States v. Ezenwa*, No.

4:20-cr-267 (S.D. Tex. Feb. 28, 2022).  These convictions resulted from evidence that Ezenwa and his coconspirators obtained stolen credit card information and processed fraudulent transactions on the cards through their businesses.  *See United States v. Ezenwa*, No. 21-20609, 2023 WL 3059165 (5th Cir. Apr. 24, 2023).  The evidence also showed that Ezenwa and a coconspirator obtained funds from individuals who intended those funds to be invested and instead deposited them into the conspirators' bank accounts for their own use.  *Id.*  The Fifth Circuit affirmed Ezenwa's convictions and sentences.  *Id.*  To date, he has not sought review in the United States Supreme Court.

On July 17, 2023, Ezenwa filed a civil rights complaint under 42 U.S.C. § 1983.  (Docket Entry No. 1).  At the court's request, he also filed a more definite statement of his claims.  (Docket Entry No. 8).  In these pleadings, Ezenwa alleges that Inspector Andrew Shadowens and Sergeant Novitz came to Ezenwa's place of business on July 6, 2016.  (Docket Entry Nos. 1, p. 3; 8, p. 2). Ezenwa alleges that Sergeant Novitz had an "illegal pocket warrant" for Ezenwa's arrest that was not based on probable cause.  (Docket Entry No. 1, p. 9).  Sergeant Novitz also had a search warrant, which Ezenwa alleges was invalid because it contained false information and intentional omissions.  (*Id.* at 6-7).  Ezenwa alleges that during the search, Inspector Shadowens forced him to unlock his phone, resulting in a second illegal search.  (*Id.* at 17).  After the search, Inspector Shadowens and Sergeant Novitz arrested Ezenwa and seized $13,026.00 in cash, $9,600 in first-class postage stamps, five uncashed checks, Nigerian bank account records, a blue internet logbook, and computer disks, none of which have been returned to him.  (*Id.* at 13).

Ezenwa alleges that in an effort to support the charges, Investigator Victor "spied on" Ezenwa's Nigerian bank accounts during July and November of 2016 by traveling to Nigeria, speaking with bank representatives there, and obtaining records.  (Docket Entry Nos. 1, p. 3; 8, p.

2

5). Ezenwa alleges that Investigator Victor also defamed him and his businesses by telling the media that he had been arrested for credit card fraud. (Docket Entry No. 8, p. 5). Finally, Ezenwa alleges that the Harris County Sheriff failed to properly train and supervise his employees. (*Id.* at 6). The basis for the failure-to-train claim is that if the Harris County Sheriff's officers had been properly trained, they would not have violated Ezenwa's constitutional rights. (*Id.*).

## II. The Legal Standards

### A. Screening Under 28 U.S.C. § 1915A

Because Ezenwa is a prisoner seeking relief from the government, the court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2) (requiring courts to screen complaints filed by persons proceeding without prepaying the filing fee); 42 U.S.C. § 1997e(c) (requiring courts to screen suits filed by prisoners under § 1983). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325-29 (1989)). The court may dismiss the complaint, or any portion of the complaint,

3

if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

### B. *Pro Se* Pleadings

Ezenwa is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. Discussion

### A. The Claims Against Inspector Shadowens

Ezenwa alleges that Inspector Shadowens committed trespass, an illegal search and seizure, and a false arrest, on July 6, 2016. These claims must be dismissed because they are barred by limitations.

Ezenwa's claims against Shadowens arise, if at all, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* extends the protections of § 1983 to parties injured by federal actors. *See Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993). In Texas, *Bivens* claims are governed by a two-year statute of limitations.

4

*See Spotts v. United States,* 613 F.3d 559, 573-74 (5th Cir. 2010); TEX. CIV. PRAC. & REM. CODE § 16.003(a). A claim for relief filed more than two years after the cause of action accrues is barred by the statute of limitations.

While state law sets the limitations period, federal law determines when a cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown v. Nationsbank Corp.,* 188 F.3d 579, 589-90 (5th Cir. 1999). A cause of action for an illegal search and seizure accrues on the date of the search and seizure. *See Jaramillo v. Renner*, 697 F. App'x 326, 326 (5th Cir. 2017) (per curiam). A cause of action for trespass accrues on the date of the trespass "even if all resulting damages have not yet occurred." *EnerQuest Oil & Gas, LLC v. Plains Expl. & Prod. Co.*, 981 F. Supp. 2d 575, 615 (W.D. Tex. 2013) (quoting *Murphy v. Campbell,* 964 S.W.2d 265, 270 (Tex. 1997)). And a cause of action for false arrest that results in criminal proceedings accrues when "the claimant becomes detained pursuant to legal process," which is generally the date charges are filed. *Johnson v. Harris County,* No. 22-20549, 2023 WL 6627822, at *2 (5th Cir. Oct. 12, 2023) (quoting *Wallace,* 549 at 397). If any of these claims is brought more than two years after the claim accrued, the claim is barred by limitations and subject to dismissal as legally frivolous under § 1915A(b)(1). *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Ezenwa alleges that the trespass, illegal search and seizure, and false arrest by Inspector Shadowens occurred on July 6, 2016. Ezenwa's trespass and illegal search and seizure claims accrued on that date. Publicly available records show that charges were filed against Ezenwa based on his arrest and that he was detained after a probable cause hearing on July 7, 2016. *See* Harris County District Clerk, www.hcdistrictclerk.com (last visited Oct. 16, 2023). At the latest, his

claim for false arrest accrued on that date. Ezenwa did not file his civil rights complaint until July 13, 2023, well beyond the two-year deadline.

Claims that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. *See Gonzalez,* 157 F.3d at 1019-20; *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993) (per curiam). Because Ezenwa waited more than two years after his claims against Inspector Shadowens accrued before filing his complaint, these claims are barred by limitations and are dismissed with prejudice under § 1915A(b)(1).

### B.  The Claims Against Sergeant Novitz

Ezenwa asserts claims against Sergeant Novitz based on the same alleged trespass, illegal search and seizure, and false arrest that he alleged against Inspector Shadowens. These claims are also barred by limitations.

When a prisoner brings a state-law claim in federal court, the court applies the state's limitations period. *See Guaranty Tr. of N.Y. v. York*, 326 U.S. 99, 110 (1945). For inmates in Texas, the two-year statute of limitations applies to both civil rights claims under § 1983 and trespass claims. *See, e.g., Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

As with his claims against Inspector Shadowens, Ezenwa's claims against Sergeant Novitz for trespass and illegal search and seizure accrued on July 6, 2016—the date the alleged trespass and illegal search occurred. His claim against Sergeant Novitz for false arrest accrued on July 7, 2016—the date the charges were filed against him. Ezenwa's July 2023 complaint was filed well beyond the two-year limitations period applicable to these claims. These claims are barred by limitations and are dismissed with prejudice under § 1915A(b)(1).

6

C.     The Claims Against Investigator Victor

Ezenwa alleges that Investigator Victor violated his rights by "spying" on his Nigerian bank accounts and by making defamatory statements about him. Both claims must be dismissed, for different reasons.

Ezenwa's claim for "spying" is dismissed because it does not state a claim on which relief can be granted. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

Ezenwa alleges that Investigator Victor went to Nigeria on at least two occasions in 2016, inspected bank records at "1st Bank of Nigeria," and made "ownership inquiries." (Docket Entry No. 8, p. 5). Investigator Victor "asked bank officials questions" and told them that Ezenwa was under investigation. (*Id.*). None of these alleged activities violate Ezenwa's constitutional rights. And even if the court could construe these actions as unconstitutional, Ezenwa's claim for the allegedly illegal search, first raised seven years after the fact, would be barred by the two-year

7

limitations period applicable to § 1983 claims. *See Bargher*, 928 F.3d at 444. Ezenwa's claim against Investigator Victor for "spying" is dismissed as barred by limitations.

Ezenwa's claim that Investigator Victor defamed him is also barred by limitations. As explained above, federal courts borrow the forum state's limitations period for state-law claims raised in federal court. *See Guaranty Tr.*, 326 U.S. at 110. In Texas, "[a] person must bring suit for . . . [defamation] . . . not later than one year after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.002(a). The cause of action accrues when the defamatory statements cause a legal injury. *See Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 522 (N.D. Tex. 2003).

Ezenwa alleges that the defamatory statements were made to the media on, or very shortly after, his arrest in July 2016. (Docket Entry No. 8, p. 5). He alleges that he lost his reputation, his business, and trust from the Nigerian community as a result. (*Id.*). These injuries occurred, if at all, shortly after the 2016 media broadcast. Ezenwa's defamation claim, filed more than seven years after the allegedly defamatory statements were made, is untimely. This claim is dismissed with prejudice under § 1915A(b)(1) as barred by limitations.

### D. The Claim Against the Harris County Sheriff

Ezenwa alleges that the Harris County Sheriff violated his constitutional rights by failing to train and supervise subordinates. Even assuming this claim is timely filed, it is dismissed because the allegations do not state a claim upon which relief can be granted.

To state a claim for a failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City*

*of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). The plaintiff must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy [of the training] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). This requires the plaintiff to "demonstrate a pattern of violations" that show that the supervisor must have known that constitutional violations would result. *Estate of Davis,* 406 F.3d at 381 (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). Proof of a single instance of a constitutional violation is insufficient. *Id.* In addition, it is not enough to show that the supervisor was negligent or could have done more. Instead, the plaintiff must "show that the failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights." *Id.* (quoting *Snyder v. Trepagnier,* 142 F.3d 791, 799 (5th Cir. 1998)).

At the screening stage of the proceedings, the court must assume that the plaintiff's factual allegations are true. *See Estelle v. Gamble*, 429 U.S. 97, 99 (1976). But for a claim to survive screening, the plaintiff must allege facts that, if true, state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In his pleadings, Ezenwa does not allege sufficient facts to support his claim of a failure to train or supervise. He does not allege any facts tending to show that the Sheriff's training procedures were constitutionally inadequate, that they did not comply with state-mandated training, or that the Sheriff failed to supervise the officers. Ezenwa's allegation that the officers would not have violated his rights had they been properly trained and supervised is not sufficient to state a claim. *See City of Canton,* 489 U.S. at 391. Ezenwa does not allege any facts showing that inadequate training or supervision directly caused

9

his injuries. And Ezenwa has not alleged any facts showing that the Sheriff was deliberately indifferent to a pattern or practice by his officers of violating citizens' constitutional rights.

The facts alleged by Ezenwa in his complaint and more definite statement do not state a claim for failure to train or supervise. His claim against the Harris County Sheriff is dismissed under § 1915A(b)(1) for failure to state a claim on which relief can be granted, as well as barred by limitations because the claim was filed too late.

### E. The Claim for Return of Property

Finally, Ezenwa seeks the return of the cash and stamps that were allegedly seized during the 2016 search of his business and that were not used against him in either his federal or state prosecutions. (Docket Entry Nos. 1, p. 4; 8, p. 3). Because Ezenwa's criminal case has concluded, this request is construed as a civil complaint under the court's general equity jurisdiction. *See* 28 U.S.C. § 1331; *see also Henderson v. United States*, 575 U.S. 622, 625-26 (2015) ("A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee."); *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993) (per curiam) ("Actions seeking the return of property are governed by equitable principles whether based on Rule 41(e) or on the general equitable jurisdiction of the federal court."). The proper defendant in such an action is the law enforcement agency or other entity allegedly in possession of the property. *See, e.g., Bailey,* 508 F.3d at 739-40; *Mora v. United States*, 955 F.2d 156, 159 (2d Cir. 1992) (a necessary predicate to resolution of a motion for return of property is a determination that the defendant entity actually possesses the property).

To the extent that Ezenwa intends to seek the equitable relief of return of property under § 1331, he has not named the proper defendant. Ezenwa alleges that the illegally seized evidence was turned over to the federal government, and that he was prosecuted by the United States in his criminal action. Given these allegations, the proper defendant is the United States of America. *See Tampico v. Martinez*, 987 F.3d 387, 390 n.2 (5th Cir. 2021) (per curiam) (when the plaintiff was prosecuted for his crimes in federal court, the proper defendant for his claim for return of property is the United States of America). The court dismisses Ezenwa's claim for return of property without prejudice to him filing a new action seeking equitable relief and naming the United States of America as the defendant.

### IV.     Conclusion

Ezenwa's complaint, (Docket Entry No. 1), is dismissed with prejudice as to all of his claims except his claim for return of property, which is dismissed without prejudice. Any pending motions are denied as moot. Final judgment will be separately entered.

SIGNED on October 26, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge